## SINKETT v. WUNDER.

April 7, 1827.

*Exceptions to auditor's report.*

Of the law and practice relative to writs of *scire facias post annum et diem* to have execution, and to revive lien.

[THE decision in this case was made under the act of the 4th of April 1798, *Purd. Dig., tit. Judgments.* So much only of the opinion of the court is reported, as is applicable to the act of March 26th, 1827. *Pamph. Laws* 129.]

The opinion of the court (BARNES, *President*; HALLOWELL, J.; and COXE, J.) was delivered by

BARNES, *President.*—The lien of the judgment and the right to

[Sinkett v. Wunder.]

an execution upon it are not convertible terms.   There may be a lien of the judgment and yet no right to an execution : there may be a right of  execution and yet no  lien of  the judgment.   A judgment binds real property though the debt secured by it is not due, and though it does not fall due during the five years, and of  course no right to execution ever existed upon it.   So that the lien may attach and  expire,  unless *revived according to  the provisions of the act,* without a right to execution upon the judgment ever having existed. The judgment is a lien only upon the  legal and  equitable  interest which the defendant had in the land  at the time it was rendered.   An *execution on the  judgment* may be levied  on  after-purchased land, not bound by the judgment.   No agreement of the parties to a judgment can extend its lien beyond five years.   That is, though the parties should agree, and so enter  upon  the  docket, that  the  judgment should be a lien for a  longer term than five  years, nevertheless, as against third persons favoured by the act, the  judgment is a lien for only five years.   Nor can the parties, by indirect  means, do that which the law prohibits their doing  by direct  and  open stipulation.   But the right to issue an execution is subject to the agreement of  the parties, because the limitation of the right is for the benefit of the defendant, and may be waived by him.   This limitation is a year and a day *from the entering of the judgment,* or more correctly speaking from the right of execution on the judgment ; but if the plaintiff has  taken  out execution within  that  time, he  may pursue  it to  satisfaction  thereafter.   If  the  execution is unproductive, he  may have  an *alias* or *pluries* or  even  another kind of execution.   The law adjudges the right of execution to be  forfeited by the plaintiff's *laches,* but when it  appears  that  the  plaintiff has not been guilty of *laches,* there is no loss of right.

But the right to execution, or the loss of it, in no respect alters or affects the lien of  the judgment.   If the execution is levied during the lien of the judgment, the lands so levied on may be sold by *venditioni exponas* after lien  has  expired.   Such proceedings  give  the plaintiff a right distinct from the lien of his judgment ; they place the property in pledge, *in custodia legis* for the plaintiff's debt.   It is like the plaintiff's levying his execution on after-purchased  property of the defendant, not bound by the judgment ; if, after such levy, judgment is  entered  against  the defendant, the lien of that  judgment does not divest the plaintiff's right under his execution ; he may proceed to sell in payment of his judgment, though his judgment is no lien on the property, and the subsequent judgment is.

[Sinkett v. Wunder.]

After the plaintiff's right to execution has been lost, his remedy is by a new action, and this action must be founded on the judgment, when the judgment has extinguished the security upon which it was given. But if the judgment was founded upon a previous judgment, he may sue upon either, because the second judgment is no extinguishment of the first. With us the action of *scire facias post annum et diem* differs in the form of proceeding from an action of debt on the judgment. No notice is required to be given to the terre-tenants, for the lien of the judgment upon which it is founded is not to be brought into question, nor even to the defendant himself, two *nihils* being equal to service; but the judgment, as in debt, is for the amount of the original judgment and interest, from the date of that judgment to the time of the judgment on the *scire facias*. If the defendant appears to the *scire facias*, he may make the same defence to the action that he could to an action of debt on the judgment; the judgment itself cannot be impeached in either form of action, the only inquiry being whether the judgment has been released or satisfied. The lien of a judgment given on a *scire facias* to have execution may bind more or less property than the original judgment. It binds the property purchased after the original judgment, and remaining in the hands of the defendant; but it does not bind property previously conveyed, though such property was bound by the original judgment. The lien of the original judgment is in no respect altered or affected by the judgment obtained on a *scire facias* to have execution. If it be intended to affect the lien of that judgment, to revive and extend it, the provisions of the act of assembly must be pursued.

The judgment of revival under the act creates no new lien; it is but a continuation, for five years, of the lien already existing. After-purchased property is not bound by the mere revival, nor will the judgment of revival alone entitle the plaintiff to execution. A judgment may be revived under the act, though a right to execution never existed upon it, and though it may not exist during the term for which it is revived. Where the debt secured by the judgment is due, there is, perhaps, no insurmountable objection to the uniting in the same process a *scire facias post annum et diem*, with a *scire facias* to revive under the provisions of the act.

The profession, however, I should suppose, would desire to keep the two proceedings separate. Great confusion has arisen in our practice, and some uncertainty in the law, from a too great neglect of forms. The proceedings by *scire facias* under the act to revive

[Sinkett v. Wunder.]

and extend the lien of the judgment have no great resemblance to the proceedings on *scire facias* to have execution.

The service is different, the issue may be different, the judgment is different. To state these at large would be but to repeat the plain and familiar provisions of the act. If the *scire facias* to revive is not issued within five years from the day of the term on which the judgment is entered,(a) the lien of the judgment is irrecoverably lost. If issued within that time, the lien of the judgment may be continued on a part of the property bound by the judgment, and not on the whole. As where the terre-tenant, alienee of a part of the property bound by the judgment, is not served with process, and does not appear to the *scire facias*, the lien is not revived by the judgment against the property in his possession. But if there are several alienees of different parts of the property bound by the judgment, and one only is served with process, he shall not be required to answer till the other terre tenants are warned, because they are all contributory to the judgment. The rule may be the same where there are two defendants having property bound by the judgment, and only one is served with process. But if the defendant who is alone served, appears to the action, and consents that the lien of the judgment shall be revived and extended against his property bound by the judgment, there is nothing irregular or illegal in his doing it. The judgment continues as before, a judgment against both defendants, though the lien of the judgment be lost as respects the property of one of them. The execution, as before the judgment of revival, must go against both defendants, or if the right to execution is lost, the *scire facias* to have execution must issue against both defendants. The judgment continuing the lien does not, in any respect, alter the parties to the judgment creating the lien; they remain precisely as they were, whether the judgment be revived against the whole or only a part of the property bound by it.

If the plaintiff could have taken adversary process against both defendants, and had it served upon one and taken a judgment of revival against his property only, the same may be done by amicable agreement, if the rights of third persons are not thereby affected. That the plaintiff may, by means of such process, obtain such a judgment, appears clear to my mind. Who can object? Not the defendant who was not served with process, and against whose pro-

(a) Act of March 26, 1827. The act of the 4th of April 1798 limited the lien to five years from the first *return day* of the term of which the judgment was entered.

[Sinkett v. Wunder.]

perty the lien of the judgment is lost; he is either not affected at all or is benefited by it. Not the defendant who was served, and against whom the lien is continued, for he consented to it. The only persons who can object are the lien creditors of the defendant, against whom the judgment of revival has been entered.

If they are terre tenants, or alienees, the law provides that they must be notified, or the judgment of revival does not affect their interests. It is the judgment creditors alone of the defendant, against whom the lien is continued, who can be supposed to have any interest. In one sense they have an interest, that the lien of the judgment should be continued against the property of the other defendant, but it is not such an interest as the law can define or protect. If the proceeds of the property of both defendants bound by the judgment were in court, and there were several claimants, creditors of each, the court might apportion the fund according to equity; but we possess no power over the plaintiff by which we can compel him to preserve the lien of his judgment entire, or to levy his execution on different parts of the property bound by the judgment. He may select upon which he will levy; he may even release separate parts of the property from the lien of the judgment, and preserve it as to the rest; what the plaintiff can do directly, and in terms, may be done indirectly and by means of process to revive and extend the lien.

The defendant, alienee, terre tenant, and indeed all parties interested, may, by agreement, waive process, and cure all irregularities in the *formula* of proceedings to which they are parties, but no agreement can supply, enlarge or alter the legal effect of a judgment of revival. The lien of a judgment can be continued only by means of a judgment of revival, and unless the record shows that the alienees and terre tenants were parties to the proceedings, the lien of the judgment is not revived against them.

Therefore an agreement by an alienee *dehors* the judgment of revival, that the lien shall continue upon the property in his possession, is, to say the most of it, a mere nullity as respects third persons having an interest, whether purchasers or judgment creditors. (*a*)

(*a*) See Lesher *v.* Gillingham, 17 *Serg. & Rawle* 123; Boal's Appeal, 2 *Rawle* 37; Ramsey *v.* Linn, 2 *Rawle* 229; Clippinger *v.* Miller, 1 *Penns. Rep.* 64; Steinbridge's Appeal, 1 *Penns. Rep.* 481; Patterson *v.* Cummin, 2 *Penns. Rep.* 520; Metzgar *v.* Kilgore, 3 *Penns. Rep.* 245; Lusk *v.* Davidson, 3 *Penns. Rep.* 229; Poole *v.* Williamson, 4 *Rawle* 317; Vitry *v.* Daucé, 3 *Rawle* 9; Downey's Appeal, 2 *Watts* 9; Penn *v.* Hamilton, 2 *Watts* 53; Crawford *v.* Crawford, 2 *Watts* 339; Comm. *v.* Baldwin, 2 *Watts* 54; Evans *v.* Duncan, 4 *Watts* 24; Ramsey's Appeal, 4 *Watts* 71; Dietrich's Appeal, 4 *Watts* 208; Meason's Estate, 4 *Watts* 341; Fetterman *v.* Murphy, 4 *Watts* 424.