The opinion of the court was delivered by
Huston, J.
William Busby, the plaintiff below, brought a scire facias against William Fryhoffer, administrator of Jacob Moyer, and a case was stated for the opinion of the court.
William Busby, the plaintiff, on the 11th of June, 1818, obtained a judgment against the defendant’s intestate for the sum of five hundred dollars; and the above scire facias issued on the 10th of May, 1823, to June term, 1823, on which judgment was entered for the plaintiff, on the report of arbitrators, for three hundred and' fifty-six dollars, on the 8th of November, 1823. On the 14th of November, 1823, the defendant appealed.
William Fryhoffer, Elizabeth Moyer, Susanna Moyer, and Sarah Fryhoffer, severally obtained judgments, against the intestate on the 27th of Jlpril, ISIS.
Jacob Moyer, the intestate, died the 12th of March, 1823. On the 7.th of August, 1823, the real estate of the intestate, owned by him at the time of obtaining the judgments, was sold by order of the Orphans’ Court, and the amount of the sales are in the hands of the administrator. ‘ ■
If William Busby is entitled to, a preference'over the other judgment creditors above named, in the fund arising from the sale of the'estate, there is sufficient in the hands off the administrator to pay him. But if the other judgments above-mentioned,, and which have not been revived, have a preference over the plaintiff’s, there are no assets in the defendant’s hands to pay the same. All the judgments above, bound the real estate of the intestate..
If, upon the foregoing facts, the court shall be of opinion that the plaintiff’s judgment has a preference over, and is entitled to be paid out of the proceeds of the real estate of the intestate before the other judgments above named, then judgment is to be entered for the plaintiff for the sum of three hundred and sixty-nine dollars, with interest from the 7th of June. But, if the court shall *122 lars, with interest from the 7th of June. But, if the court shall be of opinion that the judgments above named have preference over that of the plaintiff’s, and are entitled to be paid first, notwithstanding the same were not revived after the death, of the intestate, the judgment is to be entered for the defendant.
The District Court gave judgment for the plaintiff.
This case depends oh the enactments of our legislature: — the fourteenth section of the act of the 19th of Jlpril, 1794, prescribes the order in which the debts of a deceased person shall be paid by his executors'or administrators, as far as they have assets: — 1st, Physic, funeral expenses, and servants’ wages. 2d. Rents not exceeding one year. 3d. Judgments, &c. &c. .The cases of Stewart's Executors v. Wootering, 3 Yeates, and that in 13 Serg. & Rdwle, have decided in general terms that the same order is to be observed whether the fund for paying the debts arises from the sale of personal or-real estate. It has in many cases been said that the order of payment depends on the. class of debts to which the claim belongs at the time of the death of the testator, and not on who obtains the first judgment after his death. "
The present case presents several creditors, each of whom had á judgment which bound the land of the deceased at his death. Though all judgments, obtained before the death, have a priority to bond and simple contract debts, yet we have no decided case in point, which settles whether the first judgment shall have a preference to the second, and the second to the third, &c., yet, I apprehend it has often been decided. The judgment was no lien on personal property during the life of the debtor, as relates to funds arising from personal property; there is then no ground for preferring one judgment to another; all come in pro rata, in case of deficiency of assets' to satisfy the whole.
With respect to lands the law is otherwise, each judgment is a lien on the lands of the debtor from the date of its entry on the docket. The first is then entitled to be first paid, where the fund arises from the sale of lands bound by it. This is so in the lifetime of the debtor. But, by the act of the 4th of April, 1798, no judgment thereafter to be entered, shall continue a lien on the real estate of the person against whom such judgment may be entered, during á longer term than five years from the first return day of the term of which such judgment may be entered, &c., unless within the term of five years a scire facias be issued to revive the same. And the next section prescribes the mode of serving the scire facias, as well on the debtor himself as on his executors or administrators, if he is dead. It has been truly said, that the provisions of this act are as plain as they are, positive: and, in such case, it is not for the court'to inquire whether in any case the law may operate- hardly on any individual. If the casé comes within the letter and spirit of the law, we'have only to say so. It is in effect a statute of limitation. Such laws are necessary, have been *123 adopted in all civilized countries, and beyond all. question, are among the most beneficial in the code. If Moyer, the debtor, had lived, the lien of each of these judgments would have expired at’ the end of five years, unless revived severally within the period prescribed by law; and thus no proceeding being had, the lien of the prior judgments having ceased, the latter one would have been let in, and the latter one being duly revivéd would have had preference. His death makes no difference; the plaintiff, in each .of those judgments, was bound to revive it against his representatives, equally as against himself if he had lived. The law says so, and the reason on which the law was founded says so. It is as important that the records should show what is a lien on the lands of a man after his death, as it is that they should show this during his life. At the death of Moyer these judgments, (on the case stated,) had a priority to Busby's, five years not having expired since the date of their lien; but the five years were suffered to. expire by the plaintiffs in those judgments. Busby then obtained a preference, which he has preserved by reviving his judgment according to law. The act of 1798 operates on the lien of a judgment not revived by scire facias within five years; and, so far as the fund for payment of debts arises from lands once bound by those Judgments, postpones them to the latter judgment duly revived.
Judgment affirmed.