**The Pennsylvania Agricultural and Manufacturing Bank *against* JOHN and JACOB CREVOR.**

APPEAL.

The lien of judgments, not revived within five years, is superseded by younger judgments duly revived, notwithstanding the death of the debtor after the judgments, where the monies claimed arise from sales of land in the county, which were bound by the judgments.

*Query*, how it would be if the funds are collected from lands in other counties, not bound by any of the judgments.

APPEAL by the plaintiffs from the decision of the court below.

*Hamilton* and *Williamson*, for the plaintiffs.
*Penrose* and *Lyon, contra.*

The opinion of the court was delivered by

HUSTON, J.—In this case the plaintiff, on the 30th of *December*, 1817, obtained a judgment. In *February*, 1819, *John Crevor* died. In 1825, *Jacob*, the other defendant, died. On the 17th of *January*, 1826, his death was suggested, and a *Scire Facias* issued, but it did not appear against whose representatives.

After the entry of the above judgment against *John*, other creditors had obtained judgments against him, which were duly revived by *Scire Facias* against his representatives, within five years, and execution issued, on which, in *January*, 1827, his lands were sold. A motion was made in the Court of Common Pleas, to order this money to be appropriated to this judgment, as being the eldest. The court decided, it had lost its preference, as to this money, because, not revived for more than five years. This cause was argued on the ground, that the act of assembly of 1794, directing the order of paying the debts of a deceased person; and the act of assembly of 1797, directing, that debts of a deceased person, unless secured by mortgage, judgment, recognisance, &c., should not remain a lien longer than seven years, unless an action for the recovery of the same be commenced and prosecuted, &c., or unless a copy, or particular written statement, &c., were not affected by the act of assembly of 1798. Act of assembly of the 4th of *April,* 1797, section fourth.

The act of assembly of 1794, directing the order of paying debts, has reference principally to the payment of debts from the personal funds of the deceased. On these personal funds, the judgment was no lien in the life time of the deceased. So, a judgment in one county was no lien on lands in a different county. If the money in the hands of the executors or administrators, is raised from personal estate, or the sale of lands not bound by a judgment against the testator,

the order prescribed in that act of assembly is followed; and judgments, in case of deficiency, are paid, *pro rata,* without regard to their date.

But judgments are a lien on lands within the county in which they are entered up, in the life time of the deceased, and entitled to payment during his life, according to priority of date. This priority is lost in five years, if no *Scire Facias* has issued, and the eldest and the next in order has priority, &c. &c. When a man, having land bound by judgments, dies, the proceeds of the land, if sold while the judgments are in full force, go to the judgments in succession, according to their date; and the judgments, in case of deficiency, and in case the money is raised by the sale of lands bound by the judgments, are paid, not *pro rata,* but the first is paid in full, and the next after, &c., till the fund is exhausted; and it may happen, that the last gets nothing. The act of assembly of 1794, was intended to give a preference to judgment creditors, over bond and simple contract creditors, where the money was collected from a fund, or funds, not bound by the judgments in the life time of the debtor. But it was not intended, and has not been held, to take away the right which he who obtained the first judgment, had to the proceeds of the lands bound by his judgment. It did not intend, that judgments should be paid *pro rata,* when the fund was raised from the sale of lands bound by the judgments. The first judgment creditor had a right, of which he could not fairly be devested; and would not be, by any thing less than express legislative provision. But all rights are subject to limitation, in point of continuance, and are limited, unless exercised in some way, in all civilized countries. No well regulated government is without statutes of limitations. Our legislature have enacted, that a judgment shall cease to be a lien, unless certain proceedings are had on it within five years. It also provides, that the *Scire Facias,* in such case, shall be served on executors, administrators, &c. Its provisions are plain; its policy wise—it takes in this case. The bank lost its preference to the first monies arising from the sale of the land bound by its judgment, by not proceeding, according to law, within five years.

Perhaps, if funds are collected from lands in other counties, not bound by any of the judgments, it may still be entitled to payment in the rank of judgments, in preference to debts of lower grade. But, that is not before us, and I give no opinion about it.

Judgment affirmed.