## ¦ Brown *against* Campbell.

An execution issued and levied upon land preserves the lien of the judgment as to the land levied only ; if no *scire facias* be issued within five years, the lien as to all other lands is gone.

THIS was an appeal from the decision of the circuit court of *Indiana* county, which appropriated the proceeds of the sale of the real estate of the defendant in error. And the only question which arose was, whether the issuing of a *fi. fa.* and a levy upon a particular tract of land, preserved the lien of the judgment upon other lands beyond the period of five years, without a *scire facias*.

*Watts* and *Alexander*, for appellants, contended,

That, according to the *existing laws* of the state, before the passage of the act of 26th March 1827, entitled " an act limiting the time during which judgments shall continue liens on real estate, and suits may be brought against sureties of public officers," it was understood that issuing an execution and levying on lands, which was done in this case, was such a continuance of the process of the law, as to render it unnecessary to revive the judgment by *sci. fa.* ; and that the terms "existing laws," in the act of the 23d March 1829, a supplement to the foregoing act, had a reference to the case of *Young* v. *Taylor*, 2 *Binn.* 227, so far as it was understood to be a declaration that issuing a *fi. fa.* preserved the lien of the judgment.

By the act of 1829, one year from its passage is allowed for the purpose of having the judgments so situated revived, and the liens continued during that year.

In this case the judgment was revived within that year ; that is to say, on the 29th of December 1829.

*Per Curiam.*—The argument, that the legislature meant to give permanency to what had been already done by the courts, though deemed to have been a misconstruction in the first instance, is plausible, but unsound. By the words " then existing laws," was doubtless meant, not only the text of the preceding acts, but the qualification it had received in practice. But though the legislature did not mean to interfere with any established practice as regarded the past, they evidently did not mean to give it the fixed form of positive enactment. To have done so, would have been deliberately to render the consequences of what they deemed error, irretrievable : an intent not to be imputed to them. They intended to leave the construction as to by-gone transactions exactly where they found it ; in the province of the courts. But even supposing the words were·

F

[Brown v. Campbell.]

intended to give a statutory sanction to what had before been a matter of interpretation ; still, the courts are to determine what were the existing laws, in the sense supposed, at the passing of the act ; and it has already been decided, in a case not yet reported, that whatever may have been the interpretation put on *Young* v. *Taylor*, the practice of perpetuating a lien by an execution levied on any thing but the land itself, has never received the sanction of judicial decision ; and this leads to exactly the same consequences, whether the construction contended for be put on the act of 1829, or not. Waving, then, all consideration of the regularity of this appeal, it is sufficient to affirm the position, that a specific levy of land continues the lien of a judgment only as to the land levied. ·

Decree of the circuit court and common pleas affirmed.