[PHILADELPHIA, MARCH 29, 1833.]

## POOLE *against* WILLIAMSON.

### APPEAL.

Under the act of the 4th of *April*, 1798, the lien of a judgment is restricted to a period of five years from the first return day of the term of which it is entered, and the second period begins to run from the termination of the first. Consequently, where a judgment has been once regularly revived by *scire facias*, if ten years have elapsed from the first return day of the term of which the original judgment was entered, a *second* revival by *scire facias* comes too late as against an intervening mortgage.

THIS case came before the court on an appeal from the decree of the District Court for the City and County of *Philadelphia*, distributing part of the proceeds of the real estate of *Poole*, which had been sold under a *venditioni exponas*. The decree was brought into this court by *Hester Golly*, a judgment creditor, under the provisions of the act of the 16th of *April*, 1827, " relative to the distribution of money arising from sheriffs and coroner's sales." The facts were these: The proceeds of the sale had been distributed by the sheriff, except the sum of four hundred and thirty-six dollars, which had been paid into the District Court, by which it was awarded to *Sidney Williamson*, a mortgage creditor, to the exclusion of the judgment creditor above mentioned. It appeared that *Hester Golly*, on the 29th of *April*, 1817, entered a judgment for four hundred and thirty-six dollars on a bond accompanied by a warrant of attorney, to *March* term, 1817. The bond was payable in one year from the day on which judgment was entered on it. This judgment was revived by an amicable *scire facias* to *March* term, 1822, on which judgment was entered by agreement, on the 26th of *March* of that year. A second *scire facias* was issued to *June* term, 1827, and by agreement endorsed on the writ on the 17th of *March*, 1827, the day on which this *scire facias* issued, judgment was entered therein. It was agreed that the *first* revival by *scire facias* was good; but it was contended, that although the *second* *scire facias* issued within five years from *the date of the judgment* in the first *scire facias* (*March* 26th, 1822,) yet, as it did not issue until *more than five years from the return day of the first scire facias*, it was not good against the mortgage of *Sidney Williamson* for two thousand dollars, dated the 4th of *February*, 1820, and duly recorded.

The question was argued by *Miles* for the judgment creditor, and by *Chauncey* for the mortgage creditor. The authorities cited on the argument, were:—Act of 4th *April*, 1798, *Purd. Dig.* 421. *Young* v. *Taylor*, 2 Binn. 218. *Pennock* v. *Hart*, 8 *Serg. & Rawle*, 377. *Black* v. *Dobson*, 11 *Serg. & Rawle*, 95. *Commonwealth* v. *Alexander*, 14 *Serg. & Rawle*, 257. *Lesher* v. *Gillingham*, 17 *Serg. & Rawle*, 126.

(Poole *v.* Williamson.)

PER CURIAM.—The first revival is conceded to have been in time; and the question is as to the termination of the period to which it extended. The proceedings were entirely under the act of the 4th of *April,* 1798, by which the lien of a judgment is restricted to a period of five years from the first return day of the term to which it was entered, and the second period must consequently begin to run from the termination of the first. Here, if the second period ended at the termination of ten years from the first return day of the term to which the original judgment was entered, the second revival came too late; and, it seems, the words of the law in favour of this construction, are too imperative to be got over. There was an interval, at which the lien of the mortgage attached, and it was properly allowed a preference.

Decree affirmed.