## Downey's Appeal.

2 w 297
163  217

A judgment obtained in the lifetime of a decedent, must be revived within five years, otherwise its lien will be lost.

APPEAL by John Downey's administrators from the decree of the common pleas of *Dauphin* county, distributing the proceeds of the sale of the real estate of Leonard Sweitzer deceased. Leonard Sweitzer had the legal title to the land sold, and Jacob Steigleman the equitable title to a certain amount of purchase money he had paid for it. Downey's administrator had obtained a judgment against Sweitzer in his lifetime, but which had not been revived within five years. The only question was, whether, after the death of a judgment debtor, the lien of the judgment is subject, for its continuance, to the provisions of the act of 1798. The court below (Blythe, president) was of opinion that the lien was gone, and decreed accordingly.

*Elder*, for appellant.

Per Curiam.—This case can not be distinguished from Fryhoffer *v.* Busby, 17 *Serg. & Rawle* 121, in which it was held that the death of a debtor by judgment does not change the nature of the lien, or subject it, for its continuance, to the provisions of the intestate laws. But according to the decision in Penn *v.* Hamilton during the last term at Chambersburg, (ante, page 53) in which it was held that proceedings analogous to those required by the supplement to the act of 1798, are necessary to prolong a lien under the intestate laws, Downey's judgment had lost its lien in any event.

Decree affirmed.