## City of Philadelphia *versus* Scott.

1. A scire facias upon a city claim for taxes must be prosecuted to judgment within five years after issuing the same, or the lien of such taxes is lost.

2. Where a scire facias and an alias scire facias upon a city claim for taxes issued, and no judgment was obtained thereon for five years from the issue of the same, *Held*, that the lien of the taxes was gone and could not be revived by a scire facias "to revive and continue lien" issued more than five years after the filing of the claim, although within five years from the issue of the original writs of scire facias and alias scire facias.

February 28th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county* : Of July Term 1879, No. 9.

Scire facias sur claim for registered taxes issued by the City of Philadelphia against Freeman Scott, owner or reputed owner.

The claim was for taxes against the whole of Scott's property at Fifteenth and Montgomery Avenue, containing about ten acres of land, for the years 1866–9. The claim was for $4043.51. It was filed March 16th 1871. On November 1st 1871, a writ of scire facias sur tax claim issued, but was returned nihil habet. An alias scire facias was then issued on November 17th 1871, returnable to the first Monday of December 1871, and was served by posting and publication. The usual pleas were filed, the cause put at issue, and tried January 11th 1877, when a special verdict was rendered for the plaintiff for $2132.78, against the whole lot above mentioned, except that part which had been released previously. On the trial defendant's counsel asked the court to charge the jury, that as more than five years had elapsed from the issuing and return of both scire facias and alias, the plaintiff could not recover, but was barred by the statute in relation to tax liens. The court refused so to charge the jury, but said the proper proceeding was after verdict to move in arrest of judgment.

The special judgment was accordingly rendered, and defendant moved in arrest of judgment and filed the reason above set forth. Prior to and on the day before the original writ of scire facias expired, to wit: on the 31st day of October 1876, the plaintiffs

[City of Philadelphia *v.* Scott.]

issued a writ called "a writ of scire facias to revive and continue lien;" this was served on Scott, but nothing more was done therein and the case was tried on the pleadings in the original and alias scire facias.

On the argument on the motion in arrest of judgment the plaintiff argued that, as the last-mentioned scire facias issued before the original and alias had expired, the lien still continued and was revived thereby, and that the case was still a *lis pendens.*

The defendant argued that the lien of the tax claim, and of the scire facias thereon, expired on the 1st of November 1876, five years after the issuing of the original scire facias, or, if not then, certainly by the first Monday of December 1876, the return-day of the alias scire facias.

The court arrested judgment, and Briggs, J., delivered the following opinion:

" The verdict in this case was obtained on the 11th of January 1877, upon an alias scire facias issued upon a claim for taxes registered on the 16th of March 1871, against a lot of ground at Fifteenth and Montgomery Avenue, being five years, one month and twenty-five days after the writ of alias scire facias was issued.

" The first section of the Act of the 11th of March 1846, Bright. Dig. 1086, provides that, 'All registered taxes as aforesaid, shall cease to be a lien after the expiration of five years from the first day of January in the year succeeding that in which they became due, unless suit be brought to recover the same, as it now is or may be provided by law for the recovery of the same, and duly proceeded in to judgment.' The second section of said act gives a remedy upon such claims by writ of scire facias, as in the case of mechanics' claims. And by the Act of June 16th 1836, Bright. Dig. 1036, for remedy upon mechanics' claims it is provided that: 'The lien of every such debt for which a claim has been filed as aforesaid, shall expire at the end of five years from the day on which such claim shall have been filed, unless the same shall be revived by scire facias in the manner provided by law in the case of judgments.'

" It follows from these Acts of Assembly, that the same time is given the plaintiff to obtain judgment upon his writ of alias scire facias, as is given to prosecute to judgment a like writ to continue the lien of a judgment, and this by the very terms of the Act of the 26th of March 1827, Bright. Dig. 820, and the adjudications thereupon is limited to five years from the time of issuing the scire facias: In re Fulton's Estate, 1 P. F. Smith 204; Meason's Estate, 4 Watts 344; Silverthorn *v.* Townsend, 1 Wright 263; Ward *v.* Patterson, 10 Id. 372; Hershey *v.* Shenk, 8 P. F. Smith 384; Hunter *v.* Lanning, 26 Id. 26.

" It therefore follows that the plaintiff's scire facias has not, in the language of the Act of the 11th of March 1846, been 'duly

proceeded in to judgment.' And this, notwithstanding, the plaintiff caused a scire facias to revive the lien to be issued October 31st 1876. It is not pretended that this writ was a *pluries*. Indeed, it could not be, for, as the alias was duly served, there was no legal requirement in the case which a *pluries* could answer. Regarding it then as an independent writ, as it was held under like circumstances, in Meason's Estate, *supra*, it was an abandonment of the scire facias previously issued, and in this view there was no lien to revive, as the lien had already expired on the 16th of March preceding. Viewed in either aspect, the presentment is alike fatal to the plaintiff's case. We, therefore, order that the rule for a new trial be discharged, and that judgment on the verdict be arrested."

The plaintiff then took this writ.

*John S. Powell* and *Christian Kneass*, for plaintiff in error.— We adopt as our argument the opinion of Allison, P. J., in Ketcham v. Singerly, 34 Leg. Int. 125, and the cases therein cited. Our sci. fa. to revive was issued in time; it was duly served on Scott, and an appearance entered for him; the lien was a subsisting one at the date of the verdict, and still remained so, and it is submitted we are entitled to judgment on that verdict.

*Charles Meyers* and *William Rotch Wister*, for defendant in error.—The case of Ketcham v. Singerly, which is solely relied on by the plaintiffs to support their case, was totally different from this case. In that the claim was filed some time in June 1867, and the original scire facias was issued on January 18th 1868. The scire facias to revive and continue lien was issued on the 19th of April 1872, and within five years from the filing of the claim, it therefore did continue the lien of the claim, and the learned judge only decided that it did not interfere with the original scire facias. In our case, however, more than five years had elapsed between the filing of the claim and the issuing of the scire facias to revive and continue the lien, and the original and alias scire facias were at issue, and the case was tried on the pleadings filed in them, and the verdict rendered thereon.

The cases cited by the learned court in Ketcham v. Singerly all support our contention.

The judgment of the Supreme Court was entered March 24th 1879,

PER CURIAM.—What is meant by the words "duly proceeded in to judgment" in the first section of the "Act relating to registered taxes and municipal claims in the county of Philadelphia," passed March 11th 1846, Pamph. L. 114, was settled by the construction which has been given to the second section of the Act of March

[City of Philadelphia *v.* Scott.]

20th 1827, 9 Sm. L. 304. Where no judgment is obtained until more than five years after the issuing of the scire facias, the lien of the original judgment is lost: Fulton's Estate, 1 P. F. Smith 204. " When," says Mr. Justice ROGERS in Meason's Estate, 4 Watts 344, " a scire facias is issued to revive a judgment the lien is continued for five years and no longer. The law does not recognise the possibility, when due diligence has been observed, that the plaintiff can fail to obtain a judgment of revival within a period of five years." The alias scire facias in this case, which issued November 17th 1871, had expired without a judgment before the trial. The scire facias issued October 31st 1876, was more than five years after the lien was filed. It was a suit distinct from and independent of the alias scire facias of November 1871. It was not and could not be grounded upon that proceeding. In any aspect of the case, we think that the lien had expired, and the judgment of the court below was right.

Judgment affirmed.

Upon the plaintiff's petition a re-argument was ordered, and the case was again heard January 28th 1880, before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

*John S. Powell* and *Christian Kneass,* for plaintiff in error.— That the ordinary sci. fa. has the effect of reviving the lien is decided in Sweeny *v.* McGittigan, 8 Harris 320, which was followed by the District Court of this county in Cornelius *v.* Junior, 5 Phila. R. 171. The sci. fa. and alias in the present case therefore revived and continued the lien until November 17th. 1871. That is to say the sci. fa. and alias revived " the lien incidentally and by legal construction, although not purporting to be for the purpose of revival:" Cornelius *v.* Junior, *supra.* That they may proceed together is decided by Judge Allison in Ketcham *v.* Singerly, and again in another case of Ketcham *v.* Singerly by Court of Common Pleas, No. 2, reported in 3 W. N. C. 544. It may also be noticed that in those cases the judgments were entered in the sci. fa. to enforce the liens upwards of eight years after the sci. fa. had been issued, they having been kept alive by the sci. fa. to revive. The sci. fa. in the cases of Ketcham *v.* Singerly, issued January 18th 1868, and the pleas on which judgment was given for plaintiff were filed on March 17th and 20th 1876, respectively, so that it cannot be held that judgment had to be obtained on those sci. fas. within five years without overruling those cases.

*Charles Meyers* and *William Rotch Wister,* for defendant in error.—The city can only enter liens against realty by virtue of

[City of Philadelphia *v*. Scott.]

express authority by statute: Philadelphia *v*. Greble, 2 Wright 339; Miller *v*. Gorman, 2 Id. 309; Wilson on Municipal Corporations, sect. 657. The lien created by the original scire facias and alias not having been prosecuted to judgment was gone at the expiration of five years, and no judgment could be entered thereon: Hershey *v*. Shenk, 8 P. F. Smith 383; Silverthorn *v*. Townsend, 1 Wright 263; Fulton's Estate, 1 P. F. Smith 204; Hunter *v*. Lanning, 26 Id. 25; Meason's Estate, 4 Watts 344; Ward *v*. Patterson, 10 Wright 372. What is meant by the words "duly proceeded in to judgment" in the first section of the "act relating to registered taxes and municipal claims in the county of Philadelphia," passed March 11th 1846, Pamph. L. 114, was settled by the construction which has been given to the second section of the Act of March 20th 1827, 9 Sm. Laws 304. Where no judgment is obtained until more than five years after the issuing of the scire facias, the lien of the original judgment is lost: Fulton's Estate, *supra*. This construction of the law was followed in Poole *v*. Williamson, 4 Rawle 317; Betz's Appeal, 1 Penna. R. 271; Todd *v*. McCulloch, 3 Id. 444; Brown *v*. Campbell, 1 Watts 41; Meason's Estate, 4 Id. 341; Ebright *v*. Bank, 1 Id. 397; Bank *v*. Crevor, 2 Rawle 224; Commonwealth *v*. Barker, 2 Penna. R. 232; Downey's Appeal, 2 Watts 297; Jack *v*. Jones, 5 Whart. 321; Fryhoffer *v*. Busby, 17 S. & R. 121; Westmoreland Bank *v*. Rainy, 1 Watts 26; Bank *v*. Fitzsimmons, 2 Binn. 445; Black *v*. Dobson, 11 S. & R. 94; Sinkett *v*. Wunder, 1 Miles 361; Ward *v*. Patterson, 10 Wright 372.

In the first section of the Act of March 11th 1846 it is provided not merely that suit shall be brought but that it shall be "duly proceeded in to judgment." These words have some meaning, and what that is, is readily seen by looking at them. There is no difficulty in ascertaining the intention of the law, and "courts are bound to give it effect, whatever may be their opinion of its wisdom or policy:" Dwarris on Statutes *690. "The fittest course in all cases where the intention of the legislature is brought in question, is to adhere to the words of the statute, construing them according to their nature and import:" Dwarris on Statutes *703.

The judgment of the Supreme Court was entered, February 24th 1880,

Per Curiam.—After the re-argument in this case and mature reconsideration, we see no reason to change the conclusion at which we arrived on the first argument, and expressed in the opinion filed March 24th 1879. There is a marked distinction between the facts of this case and Ketcham *v*. Singerly, Leg. Int., April 6th 1877, p. 125. Here the scire facias, which it is urged was potential to keep alive the lien, was issued October 31st 1876, more than five

[City of Philadelphia *v.* Scott.]

years after the claim was filed. In Ketcham *v.* Singerly, the alias scire facias to revive and continue the lien, was issued within five years from the filing of the original claim. It is not necessary for us to consider whether the judgment in that case was right. It is enough to say, that conceding it to be so, it does not prove that our judgment is this case was wrong.

Judgment affirmed.